James M. Roth, Esq. (CSB No. 129738)
JRoth@TheRothLawFirm.com
David E.C. Gettis, Esq. (CSB No. 211197)
DGettis@TheRothLawFirm.com
The Roth Law Firm, APLC
12975 Brookprinter Place, Suite 260
Poway, CA 92064
Tel: (858) 592-6250
Fax: (858) 451-3643

Paul H. Aloe, Esq. (NYB No. 1921220)
PAloe@KudmanLaw.com
Jacob S. Reichman, Esq. (NYB No. 5591888)
JReichman@KudmanLaw.com
Kudman Trachten Aloe Posner LLP
488 Madison Ave, 23rd Floor
New York, NY 10022
Tel: (212) 868-1010
Fax: (212) 868-0013

ATTORNEYS FOR Defendant,
MAGGY LONDON INTERNATIONAL, LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAGGY LONDON INTERNATIONAL, LTD., a New York corporation, d/b/a WWW.MAGGYLONDON.COM<br>Defendant. | Case No. '25CV2107 H    JLB<br><br>**NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  July 7, 2025 |

1

NOTICE OF REMOVAL
*Sanchez v. Maggy London International, Ltd.*

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Maggy London International, Ltd., a New York corporation, d/b/a www.maggylondon.com ("Maggy London"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the County of San Diego to the United States District Court for the Southern District of California. Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441. As grounds for removal, Maggy London states as follows:

### STATEMENT OF THE CASE

1.     On July 7, 2025, an action was commenced by plaintiff Monica Sanchez ("Plaintiff") in the Superior Court of the County of San Diego, styled *Monica Sanchez v. Maggy London International, Ltd., a New York corporation, d/b/a www.maggylondon.com*, Case No. 25CU035451C (the "State Court Action").

2.     "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig,* 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999). Plaintiff filed a proof of service in the State Court Action alleging that Maggy London was served on July 17, 2025. Thirty days from July 17, 2025 is August 16, 2025, which is a Saturday. Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when the last day of a period falls on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." See also *Despres v. Ampco-Pittsburgh Corp.* 577 F.Supp.2d 604 (D.Conn. 2008); *Commercial Computer Services v. Datapoint Corp.* 641 F.Supp. 1579, 1581 (M.D.La. 1986). This Notice

of Removal is filed within 30 days of service of the State Court Action on Maggy London. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3.      The complaint asserts three causes of action, styled: (1) Violation of Cal. Bus. & Prof. Code § 17501, (2) Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.* and (3) Common Law Fraud.[1]

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders served on Maggy London is attached hereto as Exhibit A.

## DIVERSITY JURISDICTION

5.      28 U.S.C. § 1332 vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and is between citizens of different states.

6.      The complaint alleges that Plaintiff is a citizen of California. "Plaintiff is a citizen and resident of California…." Compl., ¶4. Defendant Maggy London is a New York corporation, with its principal place of business in New York. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 USC § 1332(c)(1). The caption of the complaint acknowledges that Maggy London is a New York corporation, and the Proof of Service of Summons shows that Maggy London was served in New York.

7.      Although the complaint styles itself as a "Class Action Complaint," Maggy London is unaware of any action taken by Plaintiff to date to certify a

---

[1] Immediately prior to filing this Notice of Removal, Maggy London discovered, by checking the state court docket, that Plaintiff has filed a First Amended Complaint (the "FAC"). The FAC has not been served on Maggy London, so this Notice of Removal refers to the original complaint throughout. But the FAC is included in Exhibit A for the Court's reference.

NOTICE OF REMOVAL
*Sanchez v. Maggy London International, Ltd.*

class. Furthermore, only the citizenship of the named parties in a class action (the representative plaintiff and defendants) is considered for diversity purposes. *In re Agent Orange Product Liability Litigation MDL No. 381,* 818 F.2d 145, 161-162 (2nd Cir. 1987), which states, "It is hornbook law, based on 66 years of Supreme Court precedent, that complete diversity is required only between the named plaintiffs and the named defendants in a federal class action."

8.    There is more than $75,000 in controversy in this action. The complaint does not state a monetary demand, but on August 5, 2025, Plaintiff propounded a written settlement demand in excess of $75,000. Therefore, the amount in controversy exceeds $75,000. See, *e.g., Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006); *Lowery v. Alabama Power Co.* 483 F.3d 1184, 1212-1213, fn. 62 (11th Cir. 2007); *Jackson v. American Bankers Ins. Co. of Fla.* 976 F.Supp. 1450, 1454 (S.D.Al. 1997) ($70,000 demand shows plaintiffs expected to receive considerably more at trial).

9.    Accordingly, this Court has jurisdiction over this action because all of the requirements of 28 U.S.C. § 1332 are satisfied.[2]

**OTHER PROCEDURAL REQUIREMENTS**

10.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Southern District of California is the federal judicial district embracing the Superior Court of California for the County of San Diego, where the State Court Action was originally filed.

---

[2] In the event that Plaintiff files a motion to remand, or the Court considers remand *sua sponte*, Maggy London respectfully requests the opportunity to submit additional argument or evidence in support of removal. See *Cohn v. Petsmart, Inc.* 281 F.3d 837, 839-40 & n. 1 (9th Cir. 2002) (court may consider later-provided evidence as amending a notice of removal); *General Dentistry for Kids, LLC v. Kool Smiles, P.C.* 379 Fed.Appx. 634, 635-636 (9th Cir. 2010) (court may consider evidence relating to amount in controversy not submitted with notice of removal petition).

NOTICE OF REMOVAL
*Sanchez v. Maggy London International, Ltd.*

11.   A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of the County of San Diego. See 28 U.S.C. §§ 1446(a), (d).

12.   This Notice of Removal is signed by Maggy London's counsel pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

### JURY DEMAND

13.   Maggy London hereby demands trial by jury.

### CONCLUSION

Maggy London intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Maggy London prays that the State Court Action should proceed in the United States District Court for the Southern District of California, as an action properly removed thereto.

Dated: August 15, 2025

**THE ROTH LAW FIRM**
**A PROFESSIONAL LAW CORPORATION**

By:   /s/ David E.C. Gettis
      David E.C. Gettis, Esq.
      James M. Roth, Esq.
      Co-Counsel for Defendant, MAGGY
      LONDON INTERNATIONAL, LTD.

**KUDMAN TRACHTEN ALOE POSNER LLP**

By:   _____
      Paul H. Aloe Esq.
      Jacob S. Reichman, Esq.
      Co-Counsel for Defendant, MAGGY
      LONDON INTERNATIONAL, LTD.